ELLIOTT L. GREY, RESPONDENT, *v.* ALBERT B. VORHIS AND DAVID T. TILLOTSON, APPELLANTS.

*Mechanic's lien — bill of particulars — verification of.*

Where, at the time of serving a notice to foreclose a mechanic's lien, a bill of particulars was served, sworn by the claimant to be "in all respects true, to the best of his knowledge and belief." *Held*, that the verification was sufficient.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to foreclose a mechanic's lien; at the time of serving the notice provided for by the statute, a bill of particulars was served, to which was attached the following verification:

STEUBEN COUNTY, *ss.* :

Elliott L. Grey, *ss.*, above named claimant, being duly sworn, says that the bill of particulars above mentioned is in all respects true, to the best of his knowledge and belief.

E. L. GREY.

Sworn to and subscribed before me }
  this 15th day of February, 1873. }

J. H. CONSOLAS, *Justice of the Peace.*

*Burrell & Soule,* for the appellant.

*A. H. Burrell,* for the respondent.

E. DARWIN SMITH, J. :

The referee, I think, decided correctly the several questions raised on the trial, and his findings appear warranted by the evidence.

The bill of particulars annexed to the plaintiff's notice of claim, served on the defendant in the mode prescribed by the statute for

the commencement of this action, was properly verified. This notice and the bill of particulars are governed by the rules of pleading prescribed by the Code. (*Duffy* v. *McManus*, 3 E. D. Smith, 658.) The bill of particulars in these cases (Act of 1873, chap. 489, § 10), may be " verified by the oath of the claimant or his attorney, to the effect that the same is true."

The attorney could not ordinarily make a verification safely more positive than the one made in this case. It is in the form prescribed for verification of pleadings by the Code. If the legislature had intended to require a verification in the form of a positive allegation that the bill of particulars was true, without qualification, they would have required it to be made by the party who alone could ordinarily make such verification.

The verification stated that the bill of particulars was in all respects true, to the best knowledge and belief of the affiant. No man could testify on the point, safely and honestly, more positively, or should be required to do so.

The plaintiff might recover less than the amount claimed in his notice and bill of particulars. The notice of lien was duly filed in the county clerk's office, and entered in the lien docket therein, and properly proved.

The judgment should be affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.